## HALL v. COLE et al.

### No. 19,495; December 31, 1894.

#### 38 Pac. 894.

**Removal of Buildings—Suit for Recovery—Cross-complaint.—** Under Code of Civil Procedure, section 442, providing that, when a defendant seeks affirmative relief relating to the transaction upon which the action is brought, he may file a cross-complaint, a cross-complaint in an action to recover buildings removed from plaintiff's land which alleged that plaintiff purchased the land and erected the buildings for defendants, agreeing to convey the premises to them when they could purchase the same; that defendants tendered him the purchase price therefor, but that he refused to give them a deed thereto, and which prayed judgment that plaintiff deed the property to defendants, was improperly stricken out.

**Removal of Buildings.—In an Action to Recover Buildings Removed** from plaintiff's land, wherein defendants admitted that plaintiff purchased the land and erected the buildings, but claimed to own the premises by reason of plaintiff's agreement to sell the same to them, and their tender to him of the purchase price, plaintiff testified that he agreed to sell the premises to defendants, and that they advanced him money to apply in purchasing the land and erecting the buildings, but that they withdrew all of the same soon after; that he let defendants go into possession of the premises without any further transaction; that thereafter defendants tendered him the purchase price of the land, only, and he told them merely that he could not give them a deed, but would have to see the man who then held the title to the property to secure a loan to plaintiff, held, that ownership of the buildings not appearing in defendants, a nonsuit was improperly granted.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by M. Hall against A. R. Cole and another for the possession of buildings. Judgment for defendants and plaintiff appeals. Reversed.

Wm. Humphrey for appellant; D. C. Collier, D. L. Murdock and F. W. Goodbody for respondents.

BELCHER, C.—The plaintiff brought this action to recover the possession or value of a dwelling-house and barn,

alleged to have been wrongfully moved by the defendant Isabell Cole from a lot of land described as ''Lot 34 of La Mesa Colony,'' in the county of San Diego. The complaint sets up facts showing that the plaintiff purchased and paid for the said lot, and erected the house and barn thereon, and that, without his consent or knowledge, the defendant Isabell Cole moved the same to an adjoining lot owned by defendants, who were husband and wife. The answer denied that the plaintiff was the owner of the said house and barn, or either of them, or entitled to the possession thereof, and alleged that, at all times since the erection of said house and barn, the defendant Isabell Cole had been, and still was, the owner thereof. The answer then proceeded to state, in effect, that the plaintiff purchased the said lot for and on account of the defendant Isabell Cole, for the sum of $900, less $25 allowed him by the owner for making the sale, and that she advanced to him, in part payment therefor, the sum of $550; ''that within a few days thereafter the plaintiff stated to the defendants that he had purchased said land for the defendant Isabell Cole, and that there would be a few days' delay in preparing the title to her, but he advised them to take immediate possession of it, and to grub and plow and improve it, and stated to defendant Isabell Cole that he would immediately build for her a house on said land, which would be hers, and a home for her as long as she lived, and that she could pay for it when she got ready, and could have as much time in which to do so as she desired''; that the plaintiff built on the said lot the house mentioned in his complaint, for the defendant Isabell Cole, ''and that after the completion thereof, at the request of plaintiff, the defendants moved into, took possession of, and occupied, said house, as their own, and not as the property of the plaintiff, and that said house and said barn were from the first commencement of the erection thereof, and ever since have been, the property of the defendant Isabell Cole, and that said house, at the time of its erection, set upon blocks on the surface of the ground on said lot 34''; that, at the time of making the payment of $550, it was agreed between plaintiff and defendant Isabell Cole that he would, as soon as it could be done, cause a deed to be made to her for said premises, and that she should execute a mortgage for the balance of the purchase money

therefor, and that she thereafter repeatedly requested plaintiff to perform and carry out his agreement, but he failed to do so, giving various excuses therefor; that afterward, and before the commencement of this action, she tendered to plaintiff "the entire balance of said purchase money for said lot 34, and its appurtenant water rights, as agreed upon between them, with all accrued interest thereon, and demanded from plaintiff a deed therefor, whereupon the plaintiff refused to comply with said agreement and refused to make a deed to said defendant for said lot." The defendants also filed a cross-complaint, in which they set out the facts, and prayed for judgment against the plaintiff, that he make a good and sufficient deed to the defendant Isabell Cole, conveying to her the said lot, free and clear from all encumbrances. The cross-complaint was, on motion of plaintiff, stricken out, and the defendants excepted to the ruling. The case subsequently came on regularly for trial before a jury, and at the conclusion of the plaintiff's evidence the defendants moved for a judgment of nonsuit, "because the plaintiff's evidence does not contain anything tending to show that at the time this suit was commenced the plaintiff was entitled to the possession of the house and barn, for the recovery of the possession or value of which this action is brought, but it does appear from said evidence that at the time this suit was commenced the plaintiff was not entitled to the possession of said house and barn." The court granted the motion, and entered judgment that the plaintiff take nothing by his action, and that the defendants recover from him their costs. From this judgment the plaintiff appeals.

We think the court erred in striking out the defendants' cross-complaint, and also in granting their motion for nonsuit. The complaint and the cross-complaint related to alleged rights growing out of the same transaction; that is, the purchase of the lot and payment therefor, and the erection of the house and barn thereon. And the rule is that, whenever the defendant seeks affirmative relief relating to the transaction upon which the action is brought, he may, in addition to his answer, file a cross-complaint: Code Civ. Proc., sec. 442.

At the commencement of the trial, defendants admitted in open court that the plaintiff purchased the land, from which

the house and barn were moved, of one Hamilton, on December 12, 1890, and that Hamilton was then the owner thereof, and also that defendant Isabell Cole took and moved the house and barn in question from the said land to land owned by her, on February 27, 1892. The plaintiff, then, as a witness for himself, testified that he had Mr. Hamilton make the deed of the land to a Mr. Wilson to secure payment of $400, money borrowed by him of Wilson, and that he paid Hamilton the whole of the purchase price for the land, which was $900; that he built the house and barn on the land between the months of January and March, 1891, and paid for them himself, the house costing $1,250, and the barn $50; that the house and barn were taken away by Mrs. Cole without his consent or knowledge; and that on March 19. 1892, he paid Wilson the loan, for the payment of which the land was security, and Wilson then conveyed the land to him, and assigned to him all his interest in the house and barn. The deeds and assignment were offered and received in evidence. The witness further testified that he built the house to assist Mr. Cole, because he was a man of large family and small means; that at the time he bought the land he told Mr. Cole he would build the house, and sell the land and improvements to him for just what they had cost; "that he and Mr. Cole talked about it several times, and, before he bought the land, Mr. Cole, at his request, advanced him $550 to apply in the purchase of the land and the building of the house," and that, within a few days after Mr. Cole advanced the $550, he came to plaintiff's house, and "stated that he had no money or means to keep his family, and asked to draw against the $550 from time to time, which he assented to, and Mr. Cole withdrew all of the money advanced, and more (about $600 in all), within a few months thereafter"; that he let Mr. Cole into possession of the premises in April, 1891, without any further transaction between them." On cross-examination, the witness testified that Mr. Collier, the lawyer, made a tender to him for Mrs. Cole, and that he simply remarked he could not give a deed, but would have to see Mr. Wilson, and also that: "I was buying the land for Mr. Cole. I told Mr. Kretsinger that I was building the house for Mr. Cole, when I hired him. I first told Mr. Cole and his wife that I owned the property when I was building the house. . . . .

The $550 was paid to me on December 2, 1890. . . . . I might have said to them, after buying the land, 'Well, I have got the land for you.' '' On redirect examination the witness was asked, in reference to the tender made by Mr. Collier, "State what was tendered," and answered: "Mr. Collier met me in the California National Bank, and said he wanted to make a tender to me, and stated the amount. It was between five and six hundred dollars. I forget the exact amount. I think he said, '$550 and interest due you from Mrs. Cole on lot 34, La Mesa.' He had some money in his hand. I did not see how much. This was a few days before the house was moved by defendant Mrs. Cole.'' The above was, in substance, all the evidence on which the motion for nonsuit was made and granted; and, in our opinion, entirely fails to show that either of the defendants was the owner or entitled to the possession of the said house and barn at the time of the commencement of the action, or of the trial. It appears that the lot was purchased and the buildings constructed by the plaintiff to accommodate and assist the defendants, but they were to be paid for by defendants before they would become the owners thereof. There is no pretense that any part of the cost of the buildings had been paid, or offered to be paid; and when Mrs. Cole moved them from the lot, without the knowledge or consent of plaintiff, she did so wrongfully, and the plaintiff at once became entitled to their possession or value. Whether Mrs. Cole had become entitled to a deed of the lot is a question not now involved in this case, and upon it we express no opinion. We advise that the judgment be reversed, and the cause remanded for a new trial, with directions to the court below to permit the defendants to file anew their cross-complaint, if so advised.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for trial, with directions to the court below to permit the defendants to file anew their cross-complaint, if so advised.